**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES H. LEWIS, JR.**                                                                    **PLAINTIFF**

**VS.**                           **NO. 4:19-cv-470-KGB**

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS)
AS NOMINEE FOR AMERICAN HOME
MORTGAGE, ITS SUCCESSORS AND
ASSIGNS AND FRANKLIN CREDIT
MANAGEMENT CORPORATION,
JOINTLY AND SEVERALLY**                                                               **DEFENDANTS**

**RESPONSE TO DEFENDANT FRANKLIN CREDIT
MANAGEMENT CORPORATION'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Comes the Plaintiff, Charles H. Lewis, Jr., and for his response to Defendant Franklin Credit Management Corporation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), states:

**Introduction**

1.      That Defendant's motion to dismiss should be denied.  In the event this Court rules otherwise, Plaintiff should be allowed an opportunity to file an amended complaint.

2.      That the complaint was filed in Pulaski County Circuit Court and removed to federal court by Defendant.  This Court should follow Arkansas Rules of Civil Procedure 12(b)(6).

Pursuant to *Hollingsworth v. First Nat'l Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993) any dismissal should be without prejudice.

3. Plaintiff's allegations should be liberally construed. ARCP Rule 8; *Thomas v. Pierce*, 87 Ark. App. 184 S.W.3d 489 (2004).

4. Defendant's motion is nothing but a standard motion to dismiss and if Defendant had read Plaintiff's complaint, it would not have been filed.

### I. Summary

5. Plaintiff's allegations are specific. They are not bald allegations as Defendant wants the Court to believe. If Defendant would have reviewed Plaintiff's exhibits it would have discovered Plaintiff is correct on the mortgage that is filed. It is not Defendant's mortgage.

### II. Standard of Review

6. Defendant is incorrect in applying Federal Rules of Civil Procedure Rule 8 and Rule 12. Arkansas Rules of Civil Procedure should be followed on the issues.

### III. Argument and Authorities

#### A.

7. The assignment is not valid. Defendant has no idea what transpired from May 11, 2006 until April 17, 2019 when the assignment was issued. Plaintiff is at least entitled to conduct discovery.

8. Upon information and belief at sometime in 2006 or 2007, the parties reached a negotiated settlement on this issue. That is the reason nothing was ever paid by Plaintiff to Defendant and why Defendant never pursued any foreclosure action. Plaintiff is entitled to conduct discovery on this issue to prove at the minimum the acceleration clause was invoked over 13 years ago and not 2019.

### B. Statute of Limitations

9. The statute of limitations has expired pursuant to Ark. Code Ann. § 16-56-111. There have not been partial payment and the parties resolved the dispute n 2006. Why else would Plaintiff keep paying the first mortgage which is not a party to this lawsuit?

10. Plaintiff denies Defendant filed the mortgage it seeks to foreclose upon. Plaintiff denies that the mortgage contains an accelerated option provision. If there was an accelerated provision, Defendant first accelerated the provision back in 2006 or 2007. The payment made in 2019 was not to Defendant. It was to the first mortgage holder.

Finally, the case Defendant cites was decided after discovery. *Burch v. HSBC Bank Nat'l Ass'n.* (E.d. Ark. Mar. 31, 2016) was decided on summary judgment. *United-Bilt Homes, Inc. v. Sampson*, 315 Ark. 156, 864 S.W. 2d 861 does not even apply but was decided after discovery was conducted.

### C. Quiet Title

11. Plaintiff's quiet title action is valid. Defendant did nothing from 2006 or 2007 until April 2019 when it received an assignment. Defendant's mortgage is not valid and in accordance with Arkansas law. Plaintiff should be allowed to conduct discovery to prove the point.

### D. The Mortgagee has not complied with Arkansas Foreclosure Law

12. If you take Defendant's argument that Defendant's mortgage was valid in 2006 and assigned in 2019 that is sufficient evidence it is not valid. Couple the fact with Plaintiff resolving the mortgage in 2006 or 2007, and not making one payment to Defendant in 13 years, Plaintiff has met his burden of proof on this issue.

### E. Plaintiff's Claims are Specific

Plaintiff has many theories against Defendant. However, until Plaintiff is allowed to conduct discovery then Plaintiff cannot be more specific. Defendant expects Plaintiff to be perfect in the beginning. Plaintiff's complaint should be liberally construed.

### F.

13. Plaintiff is entitled to injunctive relief for reasons mentioned in his complaint. Further, the issue is moot because Defendant withdrew its non-judicial foreclosure.

### G.

14. Under Arkansas law, Plaintiff is entitled to file an amended complaint.

## CONCLUSION

Plaintiff is current on his first mortgage (Exhibit C attached to Plaintiff's complaint) which is not Defendant. Defendant cannot prove a properly filed mortgage. See Exhibits D and E attached to Plaintiff's complaint which reflect Defendant's mortgage was not filed.

Finally, Plaintiff believes he negotiated with Defendant in 2006 or 2007 and resolved any dispute. In any event, the acceleration clause Defendant relies upon would have been triggered 13 years ago.

WHEREFORE, Plaintiff requests this Court deny and dismiss Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and for all other proper relief, including attorney's fees.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

CERTIFICATE OF SERVICE

I, John Ogles, do hereby certify that a copy of the foregoing pleading has been duly served upon the following on this 29th day of July, 2019:

Teaven Stamatis
Robert T. Lieber Jr.
Mackie Wolf Zientz & Mann, P.C.
14160 N. Dallas Parkway, Suite 900
Dallas, TX 75254
Fax: 214-635-2686

John Ogles