**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES H. LEWIS, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **MORTGAGE ELECTRONIC** | § | **Civil Action No. 4:19-cv-470-KGB** |
| **REGISTRATION SYSTEMS, INC. (MERS)** | § | |
| **AS NOMINEE FOR AMERICAN HOME** | § | |
| **MORTGAGE, ITS SUCCESSORS AND** | § | |
| **ASSIGNS AND FRANKLIN CREDIT** | § | |
| **MANAGEMENT CORPORATION,** | § | |
| **JOINTLY AND SEVERALLY,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S MOTION
TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS" or "Defendant") files this *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, and respectfully shows that Plaintiff fails to state a claim for relief in this action as follows:

## I. SUMMARY

On or about June 25, 2019, Plaintiff Charles H. Lewis, Jr. ("Plaintiff") filed his *Complaint for Injunction, Quiet Title, Fraud and Damages* (the "Complaint") in the Circuit Court of Pulaski County, Arkansas. Franklin Credit Management Corporation ("Franklin"), with the consent of MERS, removed the case to this Court on July 3, 2019. [ECF No. 1]. The allegations in the Complaint relate to the attempted foreclosure of certain real property located at 9811 Pinnacle Valley Road, Little Rock, AR 72223 (the "Property").

On July 15, 2019, Franklin filed a Motion to Dismiss. [ECF No. 7]. Plaintiff filed a response to the motion on July 29, 2019. [ECF No. 8]. Franklin filed a reply in support of its

motion on August 1, 2019. [ECF No. 9]. The Court has not yet ruled on the motion. To date, Plaintiff has not filed a motion for default judgment against MERS.

Plaintiff makes a series of bald allegations regarding the current mortgagee's right to foreclose on the Property, however, the Complaint appears to assert only a single cause of action against defendants: "Petition for Quiet Title." (*See* Complaint at ¶¶29-33). The Complaint requests the issuance of a temporary restraining order refraining defendants from foreclosing on the Property. (*See* Complaint at ¶23).

First, the nature of the Complaint makes it impossible for MERS to effectively respond. Second, all of Plaintiff's claims fail as a matter of law. Therefore, Plaintiff's suit must be dismissed with prejudice.

## II.  STANDARD UNDER RULE 12(B)(6)

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 667. The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough

facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Gone are the days when a plaintiff could survive a motion to dismiss with mere labels and conclusions, formulaically reciting the elements of a cause of action. In this case, Plaintiff's allegations fall woefully short of demonstrating a plausible entitlement to relief, and the action should be dismissed.

Rule 12(d) requires that the Court treat a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). However, "documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150-51 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)). Finally, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

### III. ARGUMENT AND AUTHORITIES

#### A.  The Assignment is Valid.

The Complaint alleges that "[a]ny transfer of the [mortgage] is invalid." (*See* Complaint at ¶6). Plaintiff, however, does not have standing to contest the validity of the assignment from MERS to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank"). As shown in greater detail below, Plaintiff's arguments related an improper assignment fail as a matter of law and must be dismissed with prejudice.

This Court has consistently held that MERS has the authority to transfer a mortgage to an assignee pursuant to a security agreement. *See Coley v. Accredited Home Lenders, Inc.*, 2011 U.S. Dist. LEXIS 38294, 2011 WL 1193072 (E.D. Ark. March 29, 2011) (rejecting the plaintiffs' argument that MERS was not authorized to transfer or assign the mortgage from the lender named in the security agreement to the defendant pursuing the foreclosure); *Cravens v. New Century Mortg. Co.*, 2011 U.S. Dist. LEXIS 125123, 2011 WL 5085299, at *2 (E.D. Ark. Oct. 26, 2011) (finding that MERS effectively transferred mortgage to the bank); *Peace v. Mortg. Elec. Registration Sys., Inc.*, 2010 U.S. Dist. LEXIS 58488, 2010 WL 2384263, at *2-3 (E.D. Ark. June 11, 2010) (rejecting the argument that the assignment of the mortgage by MERS has no legal effect because MERS is not on the note and not an agent for the note holder); *Thompson v. Bank of N.Y. Mellon Trust Co.*, 2014 U.S. Dist. LEXIS 177989, 2014 WL 1884527, at *4 (E.D. Ark. March 12, 2014) (finding MERS had authority to assign the mortgage, and therefore because BONY held both the mortgage and the note it could foreclose on the property).

The *Assignment of Mortgage* attached as Exhibit B to the Complaint clearly evinces an assignment of the subject mortgage to Deutsche Bank. Plaintiff's bare assertion that the assignment is invalid is both factually insufficient and legally inaccurate. Accordingly, Plaintiff's claims must be dismissed with prejudice.

**B.  The Statute of Limitations does not bar Foreclosure.**

The Complaint also vaguely alleges that "[t]he statute of limitations has expired." (*See* Complaint at ⁋5). However, an exhibit attached to the Complaint undermines this argument. Additionally, MERS has no involvement with the foreclosure proceedings as it assigned out its interest in the mortgage on March 29, 2019 prior to the filing of the Notice of Default and Intent

to Sell. Therefore, any claim related to the statute of limitations for foreclosure must be dismissed with prejudice.

"Actions to enforce written obligations . . . shall be commenced within five (5) years after the cause of action shall accrue." Ark. Code Ann. § 16-56-111. However, under Arkansas law, if a mortgage contains an optional acceleration clause, "the statute of limitation does not begin to run until the mortgagee has declared the forfeiture." *Burch v. HSBC Bank, Nat'l Ass'n*, No. 4:15-cv-00036-KGB, 2016 U.S. Dist. LEXIS 43612, at *11 (E.D. Ark. Mar. 31, 2016) (citing *Hodges v. Dilatush*, 199 Ark. 967, 136 S.W.2d 1018, 1020 (Ark. 1940); *United-Bilt Homes, Inc. v. Sampson*, 315 Ark. 156, 864 S.W.2d 861, 862 (Ark. 1993)).

Here, there are no allegations that the mortgagee has "declared the forfeiture" more than five years ago. Instead, the evidence, more specifically Exhibit A to the Complaint, shows that the mortgagee declared the balance due on or about April 30, 2019 through the *Mortgagee's Notice of Default and Intention to Sell.* Further, Exhibit C to the Complaint shows that a payment was made as recently as April 29, 2019.[1] *See Bank of N.Y. v. Univ. Partners, Ltd.*, 719 F. Supp. 1479, 1487 (W.D. Ark. 1989) (citing *Connelly v. Hoffman*, 184 Ark. 497, 42 S.W.2d 985 (1931)) (where bank was permitted to foreclose because when recovery is sought on an obligation payable in installments the statute of limitations runs against each installment from the time it becomes due). Accordingly, the facts as alleged in the Complaint do not give rise to a defense of the foreclosure based upon the statute of limitations. Further, as shown by Plaintiff's own exhibits there is no legal basis for its statute of limitations argument.

---

[1] This same exhibit also indicates a past due balance over $4,000.00.

### C.  Plaintiff's  Quiet Title claim is Unfounded.

Plaintiff's sole cause of action is for Quiet Title. (*See* Complaint at ¶¶29-33). However, the documents that have been submitted as exhibits to both the Complaint and this Motion show that Plaintiff is not entitled to his requested relief. Accordingly, the Complaint must be dismissed with prejudice.

In *Harlan*, the borrowers alleged that they were entitled to relief on their quiet title claim because the assignment of their mortgage from MERS to the subsequent entity, Bank of New York Mellon ("BONY") was invalid. *See Harlan v. Bank of Am., N.A.*, No. 5:14-CV-05287, 2014 U.S. Dist. LEXIS 176864, at *7-8 (W.D. Ark. Dec. 18, 2014). MERS and BONY filed a motion to dismiss that was granted. *Id*. at *9. The court held that the exhibits contained in both the complaint and the motions to dismiss showed that the assignment was valid, which undermined the quiet title claim. *Id*.[2]

Here, the Court is presented with similar evidence – namely, the Mortgage and Assignment, both of which are attached to the Complaint and are also public records. *See also Taylor v. Mortg. Elec. Registration Sys.*, No. 4:13CV00101 BSM, 2013 U.S. Dist. LEXIS 197370, at *9 (E.D. Ark. Aug. 14, 2013). Accordingly, there is no basis for Plaintiff's quiet title claim and it should be dismissed with prejudice.

### D.  The Mortgagee has complied with Arkansas Foreclosure Laws.

Plaintiff also complains that the trustee or mortgagee has "not filed for record…a duly acknowledged notice of default and intention to sell." (*See* Complaint at ¶18). Additionally, MERS has no involvement with the foreclosure proceedings as it assigned out its interest in the

---

[2] For the same reasons discussed in Section A above.

mortgage on March 29, 2019 prior to the filing of the Notice of Default and Intent to Sell. As shown below, this argument is unfounded.

Pursuant to § 18-50-103(3) of the Arkansas Code, a mortgagee may not sell property unless the mortgagee, trustee, or beneficiary has filed for record a Notice of Default and Intention to Sell. The notice must include (1) the names of the parties to the mortgage; (2) a description of the property; (3) the book and page numbers where the mortgage is recorded; (4) the default for which foreclosure is made; (5) the mortgagee's intention to sell, including a warning that "YOU MAY LOSE YOUR PROPERTY IF YOU DO NOT TAKE IMMEDIATE ACTION"; and (6) the time, date, and place of the sale. Ark. Code Ann. § 18-50-104(a).

Here, Plaintiff has actually attached the Notice of Default and Intention to Sell (the "Notice") to the Complaint as Exhibit A. The Notice shows that it was recorded on April 30, 2019 in Pulaski County, Arkansas as Document No. 2019025959. Importantly, it also complies with the requirements found in § 18-50-103(3). *See also Coley v. Accredited Home Lenders, Inc.*, No. 4:10CV01870 JLH, 2011 U.S. Dist. LEXIS 38294, at *13 (E.D. Ark. Mar. 29, 2011) (dismissing § 18-50-103 claim with prejudice when notice was valid and foreclosure sale was not held). Accordingly, there is no violation of § 18-50-103 and Plaintiff's claims should be dismissed with prejudice.

### E. Plaintiff's statutory claims fail because they are not supported by specific allegations.

Plaintiff has also implemented the "shotgun approach" by alleging that defendants have violated a handful or federal and state regulations. (*See* Complaint at ¶20). In addition, MERS is neither a lender nor a debt collector. MERS served solely as the original mortgagee on Plaintiff's mortgage. These claims must all be dismissed because they fail to state a valid claim.

First, Plaintiff alleges violations of the Truth in Lending Act ("TILA"). This Court has previously held that a TILA claim must be dismissed when it fails to cite specific statutory requirements or allege specific conduct. *See Taylor v. Mortg. Elec. Registration Sys.*, No. 4:13CV00101 BSM, 2013 U.S. Dist. LEXIS 197370, at \*10 (E.D. Ark. Aug. 14, 2013). Here, Plaintiff has failed to do exactly that, and, thus this claim must be dismissed.

Next, Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA"). However, again he fails to cite any specific action or fact. Further, he fails to allege any specific damages. Accordingly, Plaintiff's RESPA claim must be dismissed. *See Taylor*, 2013 U.S. Dist. LEXIS 197370, at \*11-12.

Finally, Plaintiff alleges claims under the Arkansas Statutory Foreclosure Act. However, he fails to identify any specific provision that was violated. This failure is fatal to his claim. *See Taylor*, 2013 U.S. Dist. LEXIS 197370, at \*9.

**F.  Plaintiff is not entitled to Injunctive Relief.**

Injunctive relief is a remedy rather than a cause of action. *Whatley v. Reconstrust Co. NA*, No. 3:10cv00242, 2010 U.S. Dist. LEXIS 125122, 2010 WL 4916372, at \*3 n.4 (E.D. Ark. Nov. 23, 2010) (noting that injunctive and declaratory relief are remedies rather than separate causes of action). Since Plaintiff does not have a valid underlying claim, it follows that he is not entitled to injunctive relief.

**G.  Plaintiff should not be entitled to re-plead**

A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Enervations, Inc. v. Minnesota Mining & Mfg. Co.,* 380 F.3d 1066, 1068 (8th Cir. 2004). A generous reading of the Complaint does not reveal a hidden cause of action that could be unearthed upon re-pleading.

Accordingly, any attempts to amend would be futile. Therefore, Plaintiff should not be granted an opportunity to amend his Complaint.

**WHEREFORE, PREMISES CONSIDERED**, MERS prays that its *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* be granted and that Plaintiff's Complaint be dismissed with prejudice. MERS asks that it be awarded all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Robert T. Lieber Jr.*
**ROBERT T. LIEBER JR.**
Tennessee Bar No. 035829
rlieber@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
7100 Commerce Way, Suite 273
Brentwood, TN 37027
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on February 6, 2020, a true and correct copy of the foregoing document was delivered to the following in the manner indicated:

<u>**Via ECF**</u>
John Ogles
jogles@aol.com
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
*Counsel for Plaintiff*

*/s/ Robert T. Lieber Jr.*
**ROBERT T. LIEBER JR.**
