THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES H. LEWIS, JR.**                                                                       **PLAINTIFF**

v.                                Case No. 4:19-cv-00470-KGB

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for American Home
Mortgage, Its Successors and Assigns, and FRANKLIN
CREDIT MANAGEMENT CORPORATION**                          **DEFENDANTS**

## ORDER

Before the Court is the motion to dismiss filed by defendant Franklin Credit Management Corporation ("Franklin") and the motion to dismiss filed by defendant Mortgage Electronic Registration Systems, Inc., as Nominee for American Home Mortgage, Its Successors and Assigns ("MERS," and collectively with Franklin, "defendants") (Dkt. Nos. 7, 16). For the reasons set forth herein, the Court grants defendants' motions to dismiss.

    **I.**    **Factual And Procedural Background**

This case involves an attempted foreclosure of real property located at 9811 Pinnacle Valley Road, Little Rock, Arkansas 72223 ("the Property"). The relevant factual and procedural history is as follows. In May 2006, Mr. Lewis executed a Note and Mortgage, secured by the Property, in favor of MERS in the principal amount of $103,500.00 (Dkt. No. 9-1). On April 17, 2019, the Mortgage was assigned by MERS to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank") (Dkt. No. 2, at 10–12). On April 30, 2019, Deutsche Bank recorded a Mortgagee's Notice of Default and Intention to Sell, which indicated that a foreclosure sale was scheduled for July 10, 2019 (*Id.*, at 8–9). The foreclosure sale was subsequently cancelled (Dkt. No. 8, ¶ 13).

On June 25, 2019, plaintiff Charles H. Lewis, Jr., filed a complaint against defendants in the Circuit Court of Pulaski County, Arkansas (Dkt. No. 2). In his complaint, Mr. Lewis alleges, among other things, that defendants do not have the right to foreclose on the Property and seeks, in addition to compensatory and punitive damages against defendants, injunctive relief to prevent the foreclosure sale that was scheduled for July 10, 2019. Mr. Lewis also brings a claim for quiet title against defendants, arguing that "[t]he Defendants are claiming the property but they do not have standing to make the claim" and that "the Defendants are not the proper owner of the note and mortgage." (*Id.*, ¶ 32).

Defendants removed the case to this Court on July 3, 2019 (Dkt. No. 1). On July 15, 2019, Franklin filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 7). Mr. Lewis filed a response in opposition on July 29, 2019 (Dkt. No. 8), to which Franklin replied on August 1, 2019 (Dkt. No. 9-1). On February 6, 2020, MERS filed a motion to dismiss pursuant to Rule 12(b)(6). Mr. Lewis responded on February 25, 2020 (Dkt. No. 17), and MERS replied on February 26, 2020 (Dkt. No. 18).

## II. Legal Standard

In his response to Franklin's motion to dismiss, Mr. Lewis asserts that this Court should apply Arkansas Rule of Civil Procedure 12(b)(6), rather than Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 8, ¶¶ 2, 6). However, contrary to Mr. Lewis' contention, "a federal district court in a diversity case is neither required, nor indeed permitted, to apply state law to a matter covered by a Federal Rule of Civil Procedure." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996). Put simply, "if a matter is covered by a Federal Rule the federal courts must apply the Rule." *Life Inv'rs Ins. Co. of Am. v. Fed. City Region, Inc.*, 687 F.3d 1117, 1122 (8th Cir.

2012) (quoting *Hiatt*, 75 F.3d at 1258). Accordingly, the Court will evaluate defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party, here, Mr. Lewis. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). Finally, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative

3

record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Analysis

For the following reasons, the Court grants defendants' motions to dismiss and dismisses Mr. Lewis' claims without prejudice.

#### A. Validity Of Assignment By MERS, As Nominee For American Home Mortgage

In his complaint, Mr. Lewis alleges that defendants "are not the owners of the note or mortgage" and that "[a]ny transfer is invalid." (Dkt. No. 2, ¶ 6). Mr. Lewis requests "production of the chain of title," which he believes will show that "[t]he note and mortgage were not properly filed in Pulaski County Circuit Court." (*Id.*). For their part, defendants maintain that the assignment was valid and, alternatively, that Mr. Lewis lacks standing to contest the validity of the assignment. In response, Mr. Lewis re-asserts that "[t]he assignment is not valid" and insists that he is "at least entitled to conduct discovery." (Dkt. No. 8, ¶ 7).

The Eighth Circuit recently held that mortgagors lacked standing to challenge an allegedly invalid mortgage assignment between creditors, reasoning that "the homeowners did not have standing to raise such a claim because they 'were not injured by the assignment' and any harm to the homeowners was not fairly traceable to the allegedly invalid assignment." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016) (quoting *Quale v. Aurora Loan Servs., LLC*, 561 F. App'x 582, 583 (8th Cir. 2014)). This Court reaches the same conclusion here.

4

Alternatively, on the merits, the Court notes that district courts in the Eastern District of Arkansas have repeatedly found that MERS, when acting as nominee for the lender, has the authority to transfer both a note and mortgage to an assignee pursuant to a security agreement. *See*, *e.g.*, *Thompson v. Bank of N.Y. Mellon Tr. Co.*, No. 4:13-CV-00120-SWW, 2014 WL 1884527, at *3 (E.D. Ark. Mar. 12, 2014); *Cravens v. New Century Mortg. Co.*, No. 4:11-CV-00289-SWW, 2011 WL 5085299, at *2 (E.D. Ark. Oct. 26, 2011); *Coley v. Accredited Home Lenders, Inc.*, No. 4:10-CV-01870-JLH, 2011 WL 1193072, at *3–4 (E.D. Ark. Mar. 29, 2011); *Peace v. Mortg. Elec. Registration Sys., Inc.*, No. 4:09CV00966 SWW, 2010 WL 2384263, at *2–3 (E.D. Ark. June 11, 2010). Contrary to Mr. Lewis' conclusory allegations, which the Court is not required to accept, the exhibits attached to Mr. Lewis' complaint (specifically, Exhibit B, the Assignment of Mortgage), together with the Mortgage itself, show that MERS, as agent for American Home Mortgage, effectively transferred the Note and Mortgage to Deutsche Bank (Dkt. Nos. 2, at 10–12; 9-1). Therefore, the Court dismisses Mr. Lewis' claim that the assignment was not valid.

### B. Statute Of Limitations

Next, Mr. Lewis alleges that the statute of limitations for a breach-of-contract claim is five years and that the limitations period has expired (Dkt. No. 2, ¶ 5). In Arkansas, "[a]ctions to enforce written obligations, duties, or rights . . . shall be commenced within five (5) years after the cause of action shall accrue." Ark. Code Ann. § 16-56-111(a). However, "partial payment or written acknowledgment of default" tolls the statute of limitations. Ark. Code. Ann. § 16-56-111(b). Arkansas law also provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within five (5) years after the due date or dates stated in the note or, if a due date is accelerated, within five (5) years after the accelerated due

date." Ark. Code Ann. § 4-3-118(a). "In suits to foreclose or enforce mortgages, deeds of trust, or vendor's liens, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given." Ark. Code. Ann. § 18-49-101(a).

This Court has previously written that, "[u]nder Arkansas law, if a mortgage contains an optional acceleration clause, 'the statute of limitation does not begin to run until the mortgagee has declared the forfeiture.'" *Burch v. HSBC Bank*, No. 4:15-CV-00036-KGB, 2016 WL 1305918, at *4 (E.D. Ark. Mar. 31, 2016) (quoting *Hodges v. Dilatush*, 136 S.W.2d 1018, 1019 (Ark. 1940)); *cf. United-Bilt Homes, Inc. v. Sampson*, 864 S.W.2d 861, 862 (1993) ("[A] cause of action on an entire debt owed under an installment sales contract with an optional acceleration clause does not arise until the option is exercised."). The Court has carefully reviewed the Mortgage and finds that it contains an optional acceleration clause (Dkt. No. 9-1, at 5). Accordingly, and consistent with this Court's previous decision in *Burch*, the Court finds that the five-year statute of limitations accrued when the debt was accelerated. This finding alone, however, does not resolve this issue, as the record before the Court does not indicate the date on which Mr. Lewis' debt was accelerated.

Defendants direct the Court's attention to Exhibit A to Mr. Lewis' complaint, the Mortgagee's Notice of Default and Intention to Sell, which they claim "shows that the mortgagee declared the balance due on or about April 30, 2019." (Dkt. No. 7, at 5). Mr. Lewis, in his complaint, alleges that he "received the attached Notice of Default and Intention to Sell," which is Exhibit A (Dkt. No. 2, ¶ 2). Defendants also note that Exhibit C to Mr. Lewis' complaint indicates that a partial mortgage payment was made as recently as April 29, 2019. From this, defendants reason that "the facts as alleged in the Complaint do not give rise to a defense of the foreclosure based upon the statute of limitations." (Dkt. No. 7, at 5). In response, Mr. Lewis "denies that the

6

mortgage contains an accelerated option provision" and contends that, if there was such a provision, defendants "first accelerated the provision back in 2006 or 2007." (Dkt. No. 8, ¶ 10).

As noted above, the Mortgage contains an optional acceleration clause. Although the Mortgagee's Notice of Default and Intention to Sell indicates that the Note was accelerated, it does not establish when the Note was accelerated, which is the relevant date for purpose of computing the statute of limitations. Rather, the Mortgagee's Notice of Default and Intention to Sell states only that "[a] default occurred under the terms of the Note and indebtedness," and that "[b]ecause of the failure to cure the default the indebtedness was accelerated, is now therefore wholly due and the Mortgagee has requested the property be sold to satisfy said indebtedness." (Dkt. No. 2, at 8). The Mortgagee's Notice of Default and Intention to Sell is dated April 30, 2019 (*Id.*, at 9). Based on this exhibit to Mr. Lewis' complaint, it appears that the indebtedness was accelerated, but the Court is not satisfied on the record before it of when the indebtedness was accelerated.

Alternatively, defendants rely on Exhibit C to Mr. Lewis' complaint to justify dismissing this claim based on partial payment by Mr. Lewis. With respect to this exhibit, the Court notes that it reflects that payment was made to PHH Mortgage Services at P.O. Box 94087, Palatine, IL 600094-4087 (*Id.*, at 13). In his complaint, Mr. Lewis admits that Exhibit C "is the mortgage Plaintiff has been servicing since 2006." (*Id.*, ¶ 10). Exhibit C lists the property address as 9811 Pinnacle Valley Road, Little Rock, Arkansas 72223-5108, which is the Property. Further, Exhibit C has a "statement date" of May 16, 2019, and indicates that $477.60 was "paid last month." (*Id.*, at 13).

The Court acknowledges that, in his complaint, Mr. Lewis "denies making any payments to Defendants." (*Id.*, ¶ 2). However, as explained above, this allegation is refuted by Mr. Lewis' own attached monthly mortgage statement (*Id.*, at 13).

7

In his response brief, Mr. Lewis contends, for the first time, that "[t]he payment made in 2019 was not to Defendant. It was to the first mortgage holder." (Dkt. No. 8, ¶ 10). "However, it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citation and internal quotation marks omitted). Mr. Lewis does not dispute that the April 2019 partial payment was in relation to a mortgage on the Property. In his complaint, Mr. Lewis does not explicitly allege that there are two mortgages on the Property. Still, the Court acknowledges that Exhibit E to Mr. Lewis' complaint indicates that two mortgages, secured by the Property, were executed between Mr. Lewis and Regions Bank. Although Mr. Lewis did not attach a copy of either mortgage to his complaint, the Court takes judicial notice of these publicly recorded documents. These are matters of public record recorded in the Pulaski County Real Estate Recorder, and it is proper for the Court to consider these documents when reviewing the pending motions to dismiss. *See Owen*, 533 F.3d at 918; *Quinn*, 470 F.3d at 1244.

On January 15, 2004, Mr. Lewis obtained from Regions Bank a home-equity line of credit in the amount of $50,000.00, which was secured by a mortgage on the Property. The mortgage was recorded on January 29, 2004, as Instrument Number 2004008717, in the real estate records of Pulaski County. The mortgage was modified on June 8, 2004, to increase the line of credit amount from $50,000.00 to $55,000.00. The mortgage modification was recorded on August 5, 2004, as Instrument Number 2004065387. Regions Bank executed a release of mortgage on April 5, 2006, which was recorded on April 24, 2006, as Instrument Number 2006040442.

On December 2, 2005, Mr. Lewis obtained from Regions Bank a second home-equity line of credit in the amount of $56,000.00, which was also secured by a mortgage on the Property. The mortgage was recorded on January 12, 2006, as Instrument Number 2006003296, in the real estate

records of Pulaski County. Regions Bank executed a release of mortgage on June 7, 2006, which was recorded on June 20, 2006, as Instrument Number 2006047799. Therefore, it appears that Mr. Lewis has been released from both mortgages with Regions Bank. Apart from these two home-equity lines of credit and the Mortgage executed between Mr. Lewis and MERS, the complaint and its attachments do not refer to any other mortgage on the Property.

The Court assumes that the April 2019 partial payment was not on mortgage debts that, according to Pulaski County Real Estate Records, Mr. Lewis was released from 13 years ago. Rather, based on the record before the Court, the only outstanding mortgage on the Property is the May 11, 2006, Mortgage between Mr. Lewis and MERS in the principal amount of $103,500.00, recorded on June 5, 2006, and subsequently assigned to Deutsche Bank (Dkt. No. 9-1).

On this record, the Court determines that Exhibit C demonstrates partial payment on the Note and Mortgage at issue in this case. And, as noted above, under Arkansas law, partial payment tolls the statute of limitations. *See* Ark. Code. Ann. § 16-56-111(b).

Further, Mr. Lewis sues MERS, but MERS has transferred the Note and Mortgage to Deutsche Bank, which Mr. Lewis has not named as a defendant in this action. Because MERS has effectively transferred the Note and Mortgage to Deutsche Bank, it no longer has a security interest in the Property, and the Property will not be subject to any future foreclosure actions by MERS.

For these reasons, the Court grants defendants' motions to dismiss on the issue of the statute of limitations.

### C. Quiet Title

"An action to quiet title sounds in equity." *Thurlkill v. Wood*, 374 S.W.3d 790, 792 (Ark. Ct. App. 2010). "A prima facie case to quiet title requires a showing that the plaintiff has legal title to the property and is in possession." *Stone v. Wash. Reg'l Med. Ctr.*, 515 S.W.3d 104, 110

(Ark. 2017). "In an action to quiet title, the plaintiff has the burden of establishing his or her title to the land." *Koonce v. Mitchell*, 19 S.W.3d 603, 605 (Ark. 2000).

Mr. Lewis seeks to quiet title to the Property, alleging that he "acquired title to the property through a deed recorded, in which Plaintiff is the Grantee"; that he "has paid taxes on the property continuously since 1996"; and that "[n]o one is in possession of the property adversely to the Plaintiff, and no one is claiming title to the property adversely to the Plaintiff." (Dkt. No. 2, ¶¶ 30, 31, 32). Mr. Lewis argues that "[t]he Defendants are claiming the property but they do not have standing to make the clam," as well as that "the Defendants are not the proper owner of the note and mortgage." (*Id.*, ¶ 32). From this, Mr. Lewis concludes that he "is entitled to have confirmation of title to the described property confirmed and vested in them [sic] by a decree of this Court." (*Id.*, ¶ 33). For their part, defendants maintain that "the documents that have been submitted as exhibits to both the Complaint and this Motion show that Plaintiff is not entitled to his requested relief." (Dkt. No. 7, at 5). In response, Mr. Lewis alleges that his quiet-title claim is valid because "Defendant did nothing from 2006 or 2007 until April 2019 when it received an assignment" and because "Defendant's mortgage is not valid and in accordance with Arkansas law." (Dkt. No. 8, at 3).

The documents attached to Mr. Lewis' complaint reveal that MERS, as agent for American Home Mortgage, validly assigned the Note and Mortgage to Deutsche Bank (Dkt. No. 2, at 10–11). Deutsche Bank holds both the Note and the Mortgage, and Mr. Lewis' bare, conclusory statements that "Defendants are not the proper owner of the note and mortgage" and "Defendant's mortgage is not valid and in accordance with Arkansas law," which are contradicted by Mr. Lewis' own exhibits, do not change the Court's analysis of this claim (*Id.*, ¶ 32; Dkt. No. 8, ¶ 11). *See Harlan v. Bank of Am., N.A.*, No. 5:14-CV-05287, 2014 WL 7335547, at *3 (W.D. Ark. Dec. 18,

10

2014) (dismissing a quiet-title claim because, contrary to the mortgagor's conclusory allegations, the exhibits attached to the complaint indicated that MERS, as agent for the lender, effectively transferred the note and mortgage at issue to an assignee).

The Court is also unpersuaded by Mr. Lewis' insistence that he "should be allowed to conduct discovery to prove the point." (Dkt. No. 8, ¶ 11). "Discovery . . . is not a salve for failing to state a claim upon which relief can be granted." *Librace v. Thurston*, No. 2:18-CV-164-JM-BD, 2019 WL 2035525, at *4 (E.D. Ark. Apr. 23, 2019), *report and recommendation adopted*, No. 2:18-CV-164-JM-BD, 2019 WL 2041286 (E.D. Ark. May 8, 2019); *see also Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."). Thus, "[a] plaintiff's expression of the hope that, if he were allowed to take discovery, something might turn up that would support one of his claims is not a sufficient basis for overcoming a motion to dismiss." *Triemert v. Washington Cty., No*. 13-CV-1312 PJS/JSM, 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013), *aff'd*, 571 F. App'x 509 (8th Cir. 2014).

For these reasons, Mr. Lewis' quiet-title claim, as currently plead against these defendants, fails to state a claim upon which relief may be granted and will be dismissed.

### D. Arkansas Foreclosure Laws

Mr. Lewis also complains that "[t]he trustee or mortgagee is attempting to sell the trust property but has not filed for record with the recorder of the county in which the trust property is situated a duly acknowledged notice of default and intention to sell containing the information required by law." (Dkt. No. 2, at ¶ 18). The Court disagrees. Under Arkansas law, a mortgagee may not sell property "unless the mortgagee, trustee, or beneficiary has filed for record with the

recorder of the county in which the trust property is situated" a notice of default and intention to sell. Ark. Code Ann. § 18-50-104(a)(1). The notice of default and intention to sell, in turn, must include the following information:

    (1) The names of the parties to the mortgage or deed of trust;

    (2) A legal description of the trust property and, if applicable, the street address of the property;

    (3) The book and page numbers where the mortgage or deed of trust is recorded or the recorder's document number;

    (4) The default for which foreclosure is made;

    (5) The mortgagee's or trustee's intention to sell the trust property to satisfy the obligation, including in conspicuous type a warning as follows: "YOU MAY LOSE YOUR PROPERTY IF YOU DO NOT TAKE IMMEDIATE ACTION";

    (6) The time, date, and place of sale; and

    (7) The name, address, and telephone number of the party initiating foreclosure.

Ark. Code Ann. § 18-50-104(b). Here, the Notice of Default and Intention to Sell that MERS recorded on April 30, 2019, includes all of the requisite elements listed above (Dkt. No. 2, at 8–9).

    Additionally, Mr. Lewis alleges that:

    The beneficiary or mortgagee falsely certified to its trustee or attorney-in-fact under § 18-50-103 that each mortgagor, grantor, or obligor who applied for loan modification or forbearance assistance has been notified that the mortgagor, grantor, and obligor does not meet the criteria for loan modification or forbearance assistance under any program offered by the beneficiary or mortgagee; or a government agency if the beneficiary or mortgagee participates in the government agency's program.

(*Id.*, ¶ 19).[12]  Defendants did not address this claim in their motions to dismiss. Still, the issue of whether the notice of default and intention to sell complied with Arkansas law is moot because, by Mr. Lewis' own admission, the non-judicial foreclosure sale described in the notice was cancelled (Dkt. No. 8, ¶ 13). Thus, the mortgagee would be required by law to file a new notice of default and intention to sell before a foreclosure sale could take place. Thus, the Court will dismiss as moot Mr. Lewis' claims related to the Notice of Default and Intention to Sell. *See Coley*, 2011 WL 1193072, at *4.

### E. Other Statutory Violations

Mr. Lewis also alleges that defendants failed to comply with the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Arkansas Statutory Foreclosure Act ("ASFA"), Ark. Code. Ann. § 18-50-101 *et seq.* (Dkt. No. 2, ¶ 20). Mr. Lewis, however, does not identify any specific provision that was violated or any specific act of a defendant that would support a violation of any of those acts. *See Taylor v. Mortg. Elec. Registration Sys., Inc.*, No. 4:13-CV-00101-BSM, 2013 WL 12110523, at *3 (E.D. Ark. Aug. 14, 2013), *aff'd*, 563 F. App'x 515 (8th Cir. 2014) (dismissing claims under the TILA, RESPA, and ASFA because the plaintiff "fail[ed] to allege any specific action or fact relating to a particular defendant and fail[ed] to specify which statutory provisions were violated"); *Whatley v. Reconstrust Co. NA*, No. 3:10-CV-00242-JLH, 2010 WL 4916372, at *4 (E.D. Ark. Nov. 23, 2010) (dismissing claims under the TILA and RESPA for the same reason). As written, Mr. Lewis' allegations of statutory violations by defendants consist of "naked

---

[1] The referenced section of the statute requires the beneficiary or mortgagee to certify to its trustee or attorney-in-fact under Arkansas Code Annotated § 18-50-102, not § 18-50-103.

[2] In his complaint, Mr. Lewis incorrectly identified this as an alleged violation of Arkansas Code Annotated § 18-50-103. However, this requirement appears in the next section of Title 18 of the Arkansas Code Concerning Property Rights and Interests, Ark. Code Ann. § 18-50-104.

13

assertion[s] devoid of further factual enhancement," *Retro Television*, 696 F.3d at 768 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678), and do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

Mr. Lewis argues that he "has many theories against Defendant. However, until Plaintiff is allowed to conduct discovery then Plaintiff cannot be more specific. Defendant expects Plaintiff to be perfect in the beginning." (Dkt. No. 8, at 4). Again, the Court notes that "[d]iscovery . . . is not a salve for failing to state a claim upon which relief can be granted." *Librace*, 2019 WL 2035525, at *4. Consequently, the Court will dismiss Mr. Lewis' statutory claims.

### F. Injunctive Relief

The Notice of Default and Intention to Sell indicates that the Property was scheduled to be sold on July 10, 2019 (Dkt. No. 2, at 8). In his complaint, Mr. Lewis "requests an order enjoining and restraining the Defendants, or any other person or entity acting on behalf of or through the Defendants, from conducting a sale of the property herein described." (*Id.*, ¶ 23). However, the July 10, 2019, sale date has passed without a sale, and Mr. Lewis concedes that his claim for injunctive relief "is moot because Defendant withdrew its non-judicial foreclosure." (Dkt. No. 8, at 4). Accordingly, the Court will dismiss as moot Mr. Lewis' request for injunctive relief.

### IV. Conclusion

For the foregoing reasons, the Court grants defendants' motions to dismiss (Dkt. Nos. 7, 16). Defendants' motions to dismiss are granted as to the following claims: invalid assignment, statute of limitations, quite title, invalid recording, violations of the TILA, RESPA, and ASFA, and injunctive relief. Those claims are dismissed without prejudice. Further, based on facts Mr. Lewis alleges, the Court denies as moot Mr. Lewis' claims related to the notice of default and intention to sell and his request for injunctive relief.

It is so ordered this 20th day of March, 2020.

_____
Kristine G. Baker
United States District Judge